PATTISON *vs.* THE ALBANY BUILDING & LOAN ASSOCIATION.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Where an account is stated by the creditor, and the debtor gives his promissory notes in settlement, and is grossly negligent in omitting to inform himself concerning the elements of the account, the fact that the account embraced interest or usury which he was not legally liable to pay, because he had not promised in writing to

pay it, is not such an imposition upon him as will entitle him to open the settlement on the ground of fraud.

2. A plea of usury, considered strictly as such apart from fraud, must conform to the statute and be filed as prescribed.

3. The true indebtedness of a member of a building and loan associaciation may be more or less than the difference between the cash received by him and the cash which he has paid in or refunded.

4. The fraud of a corporation in obtaining its charter is not a defense to its debtors.

5. The court did not err in ordering the pleas stricken.

Usury.    Promissory notes.    Pleadings.    Corporations. Before Jukge Wright.    Dougherty Superior Court.    April Term, 1879.

The loan association brought complaint on notes against Pattison, for $784.50, besides interest.    He pleaded as follows :

1. The general issue.

2. Plaintiff pretends to be acting under a charter granted by the superior court upon a petition alleging that $1,000.00 capital stock had been paid in, which was not true.    The charter had therefore been obtained by fraud.

3. The notes sued on were obtained by fraud in this : Defendant borrowed from time to time from plaintiff $3,137.75, and had paid it from time to time $2,790.00, leaving but a small balance of the principal due.    After the organization of plaintiff he became a stockholder without knowing the charter was fraudulently obtained as aforesaid.    He trusted to the skill and integrity of plaintiff's officers to keep his accounts in accordance with law.    They made up a statement showing that he was indebted to plaintiff $1,830.50, and as an inducement to his giving his notes therefor they agreed that the notes should be divided into one for $525.00, and the others $261.50 each, so that they could be parceled out amongst the stockholders and defendant could arrange with each one for time.    He gave the notes sued on, with the others as above set forth, on his faith in the statement of plaintiff's officers that such an

amount was due by him, when in fact no such sum was due. He would not have given such notes but for the representations so made, and the promise that they should go into the hands of the stockholders and not be sued.

4. At the time he gave the notes he was only indebted $347.75, as will appear by reference to a bill of particulars hereto annexed.

The bill of particulars alluded to was simply a calculation of interest upon the debits and credits of defendant, and showed the balance of principal due as stated in the plea, and that if interest was allowed on the amounts at 12 per cent., the interest due would be $527.03; if at 7 per cent., $308.43.

By an amendment to his pleas, defendant stated the following facts: He is not educated and could not make the calculation to ascertain the amount due by him to plaintiff, and relied on the officers of the latter to do so correctly. They, by adding usury on the interest at the rate of more than 12 per cent. per annum, which he did not promise in writing to pay, made the amount due the large sum aforesaid, when the true amount was $347.75 principal, and $308.43 interest. Since giving the notes he has ascertained by consulting competent accountants that he has been defrauded by large additions of usury, to the amount of $1,482.75, of which $1,046.00 is sued in the county court. The reason he wished, and the plaintiff agreed, that the notes should be divided between the stockholders was that many of them could be paid partly or wholly with the work of defendant, he being a mechanic.

The plaintiff demurred to the pleas, and the demurrer was sustained as to all except the general issue. Whereupon defendant excepted.

He then offered evidence of usury under the general issue, and this was excluded, to which he again excepted.

The plaintiff took a verdict for the amount sued for. Error is assigned upon the above grounds of exception.

D. H. Pope, for plaintiff in error.

Warren & Hobbs, for defendant.

Bleckley, Justice.

1. There was a full settlement, and the debtor gave his promissory notes, and thus closed up his account. He now seeks to avoid the settlement, and extricate himself from his express promise to pay as evidenced by the notes, partly on the groud of fraud. The fraud alleged is that the account as kept and stated by the creditor embraced interest or usury which, up to the time the notes were given, had not been promised in writing. No trick or device is alleged by which the debtor was thrown off his guard and prevented from having the account examined, or from making inquiry into the elements which composed it. That he might have informed himself by the use of even slight diligence in attending to his business is obvious. If he has been drawn into a written promise by the notes, as to interest which he was not otherwise bound to pay, his own gross negligence is the cause. A fraud is something that would probably mislead or deceive an attentive man ; or something calculated to relax or divert his attention. It is not a fraud to claim openly the fruits of a non-obligatory parol promise, and to ask for a writing which includes them. The account, so far as appears, was stated on the basis of the actual dealings between the parties, and no representation was made that it was stated otherwise. If the debtor assumed that it was otherwise stated, it was a gratuitous assumption, and the misleading was in the action of his own mind, and not in the conduct of the creditor. The facts pleaded make a case of gross negligence on the part of the former, but none of fraud on the part of the latter.

2. Of course the usury, if any, could be reached by a proper plea of usury ; but regarding the defense pleaded

as one of usury simply, apart from fraud, there is a failure to comply with the statute in respect to setting out the facts fully. See Irwin's Code. A plea of usury must conform to the statute, and be filed as prescribed. This is one of the defenses which has been made the subject of special and particular legislation.

3. The true indebtedness of a member of a building and loan association is not necessarily the difference between what he has received and what he has paid back. The very nature of such an institution involves a profit and loss account, and an expense account for management. An advanced, or borrowing member, as well as the rest, holds a relation to these accounts which must be adjusted before he can repudiate his express contract on the plea of deficient consideration or on that of usury, and take his leave of the association. Whether he gets full consideration, or whether he pays usury, does not depend simply on whether the amount he refunds is more than he has drawn out with lawful interest on the latter sum. There may be no excess after deducting from his payments his due share of the losses and expenses. As he takes his chances for profits in case an early winding up should occur (in which event his payments cease from that time), the rule of equity requires that he should incur the hazards fairly incident to the business in the way of losses and expenses, and bear his due proportion of the same. There is no proper basis for ascertaining usury and arriving at the amount of it, without all these elements are brought in.

4. Nothing is better settled than that the validity of an actual charter, apparently legal, cannot be impeached on extrinsic facts in a mere private action between the corporation and its alleged debtor. The fraud of the corporation in procuring its charter could not be put in issue in this suit.

5. The result is, that there was no error in striking the pleas.

Cited for reversal: Fraud, Code, §2751. Usury, *Id.*

§3452; Irwin's Code, §3419; acts of 1875, p. 105. Consideration, Code, §§2739, 2743, 2745, 2748, 3471.

Cited for affirmance: 32 *Ga.*, 291; 25 *Ib.*, 534; 6 *Ib.*, 156; 46 *Ib.*, 166; 60 *Ib.*, 185.

Judgment affirmed.