The purpose of the suit was to effect a settlement with the defendant, and the referee T. M. Argo found the following facts, in substance: The plaintiff became a member of the Raleigh Co-operative Land and Building Association in 1869, and in June of that year borrowed from the defendant the sum of $199, to secure which, he gave his note for $400, bearing six per cent. interest from June 3d 1869. In November following he borrowed the further sum $293.55, and to secure this, he gave his note for $556, bearing six per cent. interest from November 9th, 1869.
The referee finds further, that the principal sums, with the interest thereon, amounted, on June 1st, 1873, to $602.12, and that up to this date the plaintiff had paid the defendant the aggregate sum of $543.76, a large part of which being for fines, dues and interest, leaving a balance due of $58.36.
The sums borrowed were, under the contract entered into between the parties in June, 1869, to be expended in the purchase of a house and lot, the defendant association obligating to convey to plaintiff a certain lot (describing it), and the plaintiff agreeing to pay interest, dues, c., on the shares of stock owned by him, in accordance with the charter and by-laws of the association. *Page 38 
And it was further agreed between the parties, that the plaintiff should be let into possession of the premises, but that on his failure to perform any of the covenants specified in said contract, the defendant should have the power to take possession of the premises and dispose of the same as it saw fit, all payments theretofore made by plaintiff to belong to the association absolutely.
In May, 1876, the defendant claimed that the plaintiff was still indebted to it in a sum considerably in excess of $400, for principal money, fines, dues, c., and that plaintiff had forfeited his rights under said contract by a failure to perform its stipulations. After some negotiations between the parties, the plaintiff surrendered to the association four shares of stock of the nominal value of $400, which were received in settlement of all claims against the plaintiff, and thereupon the defendant executed a deed conveying to plaintiff the property described in said contract; and the said $400, added to moneys previously paid by plaintiff, amounts to $331.43 in excess of the principal and lawful interest of the sums borrowed; and the referee further finds that plaintiff paid the same, with a knowledge of all the facts, and that no fraud or imposition was practiced upon him by the officers of the association.
Thereupon the referee finds as conclusions of law:
1. The operations of defendant association and the transactions with plaintiff were against the policy of the law, illegal and usurious.
2. The plaintiff being a member of the association, and having paid the surplus over the principal money and lawful interest with a knowledge of the facts, cannot recover the said $331.43, nor any part thereof from the defendant.
The exceptions to the report were overruled, and the report confirmed, from which judgment the plaintiff appealed.
The business conducted by the defendant corporation was unlawful. It was a perversion of the purposes and privileges conferred by its charter. The plaintiff was one of the corporators and participated in its transactions. He agreed to share its fortunes, and voluntarily became one of its victims. He borrowed money from it, and repaid the same with more than the lawful interest upon the sum received, but not more than he agreed to pay for supposed advantages. It is not pretended that he paid to it more than was due, according to the methods devised and provided for by its by-laws and business regulations; or that he was dealt with more harshly than others, his associates, under like circumstances.
The courts of justice will not aid the defendant association, on the one hand, in the collection of its unlawful claims upon its members; nor will they, on the other, aid its corporators in their efforts to recover moneys they may have paid under engagements inoperative in law. Ex dolo malo nonoritur actio. Mills v. B. L. A., 75 N.C. 292; Latham v. B. L. A.,77 N.C. 145; Commissioners v. Setzer, 70 N.C. 426.
We concur in the material findings of fact and law by the referee. There is no error, and the judgment of the court below must be affirmed, and it is so ordered.
No error. Affirmed.