## Building & Loan Association of Jackson *v.* Benjamin J. Leonard.

Building and Loan Association. *Withdrawal of member.    Settlement. Usury.*

Where a borrowing member of a building and loan association withdraws from and makes a settlement with it, and is credited, as his share of the profits, with the unearned part of the premium bid by him and with a sum as dividend on his stock, including interest charged him and his fellow members, he cannot recover from the association, as usurious, interest charged on premiums; and he is bound by a settlement made by him which was voluntary and in which nothing was concealed from him.

From the chancery court of Hinds county, first district.
Hon. H. C. Conn, Chancellor.
The facts are fully stated in the opinion.

*Nugent & Mc Willie*, for the appellant.

The question in this case was adjudicated in the case of the *Natchez Building & Loan Association* v. *Shields*, 71 Miss., 630. There, as here, there had been a settlement, and the former member, after receiving as much or more than he was entitled to, getting a rebate on the premium paid, and also the valuation of his stock, as augmented by like transactions with his fellow-members, proceeded upon a mistaken idea that the decision in the Sullivan case (70 Miss., 94) would allow a recovery of the interest paid on the premium in every state of case. This court failed to see the merit of his claim, and, in disposing of the matter, gave two reasons for its conclusion. One was, that the plaintiff failed to show an usurious contract; the other was, that " on repaying his loan and withdrawing from the association, he voluntarily made the settlement plainly showed in the record, and this he did with full knowledge of all the facts." The court says further: " In this voluntary settlement he made no mistake of fact; he has received subsequent enlightenment of law, as he now supposes. In this voluntary settlement, made with his eyes wide open, he received seventy-two one-hundredths of the premium bid by him, which was returned as unearned, and he received his share of all the profits made by the association during his membership and while employing the money loaned him, and these profits embraced his ratable part of all interest paid by all borrowing members, himself and others. In that settlement he took as his own his part of all interest now supposed to have been usurious, and now holds it. A peremptory instruction for defendant should have been given." It would seem that this decision ought to admonish the appellee that the courts could not recognize this claim, but it is hard to silence those who repeat the cry of the daughter of the horse-leech.

The lower court, in its decree of reference, directs an accounting upon a basis that leaves out of consideration some of the factors necessary to a correct ascertainment of the status of appellee's demand, conceding, for argument's sake, that he was entitled to an accounting. The settlement is wholly ignored, and no direction is given as to the matter that entered into that settlement, as rebate on premium, withdrawal value of stock, etc. As shown by the testimony of the witness Buck, and exhibits thereto, the appellee had received as much, if not more, than he was entitled to.

No counsel for appellee.

Williamson, Special J., delivered the opinion of the court.
. This appeal is from the chancery court of the first district of Hinds county. Leonard subscribed for six shares of the first series of stock in the Building & Loan Association of Jackson. The par value of each share of stock was $200. On June 10, 1886, he borrowed from the association $800 at a premium of 35½ per cent., which netted him $516 in cash, and executed his obligation to pay $800 and secured said obligation by trust deed on property in the city of Jackson. Again, on August 13, 1886, Leonard borrowed from the association the further sum of $400 at a premium of 26 per cent., netting him the sum of $296 in cash, and executed his obligation to pay $400, secured by a second trust deed on the same property embraced in the first. So that on the two loans Leonard received in cash $812 and obligated himself to pay the association $1,200 and interest thereon at 8 per cent. per annum, payable in monthly installments. The contract also bound Leonard to pay monthly on each share of his stock $1, making a monthly payment of $6 on all his shares, and stipulated that a default in the monthly payments of dues and interest should subject him to the payment of a fine for each default, the fine to be imposed under the rules and regulations of the association.

Leonard made all his payments of dues and interest monthly,

from the time he effected the loans until the month of April, 1892, except in the months of September, November, and December, 1890, and the months of January and February, 1891, he failed to pay promptly, and paid for such defaults $1.40 each month.  In the month of April, 1892, Leonard defaulted and never paid again, either the dues or interest, and was fined, under the rules and regulations of the association, $1.40 each month until December, 1892.  On December 13, 1892, Leonard, through his brother, who acted as his agent in the matter, made a settlement with the association and withdrew his membership. The following statement was rendered to Leonard by the association, and on it the settlement was made:'

B. J. Leonard in Account with Building & Loan Association of Jackson.

Dr.

| | |
|---|---:|
| To loan | $1,200 00 |
| To interest and fines | 123 20 |
| | $1,323 20 |

Cr.

| | |
|---|---:|
| By stock | $  522 00 |
| Dividend on stock | 276 00 |
| Premium rebate | 31 24 |
| Cash to balance | 493 96 |
| | $1,323 20 |

The bill was filed to set aside this settlement and to recover from the association the usurious interest which complainant claims was collected from him in said settlement in the way of interest charged on the premium of $388 and the fines that were charged against him, the bill of complaint alleging that no fines should have been charged against complainant, for the reason that the association had on hand money belonging to him which had been collected in the way of interest on the premium.

After setting forth the amount of interest on the premium, and the amount of fines collected from him by the association, complainant sets out in his bill the settlement made December

13, 1892, and with reference to it makes the following aver-ments: "Your orator now states and charges the fact to be, that, at the time of making said settlement, the association was indebted to your orator in the sum of $300, or thereabouts, above set forth, and that he, your orator, was unaware of the fact, and that the sum so due him was not allowed him in said settlement so made, is a fraud upon him, and he should be credited with said sum." This is the only allegation in the bill charging fraud, concealment, or mistake in the settlement.

The proof shows that the settlement was made openly, with full opportunity to complainant or his agent to know exactly what he was charged with, and with what he was credited in said settlement. In the settlement Leonard was charged with $1,200, being the actual amount of cash loaned him, and the premium at which he bid it in. To this was added the sum of $123.20, being interest and fines which had accumulated after he quit paying according to his contract. He was credited as follows:

| | |
|---|---:|
| Amount of dues paid on his stock | $ 522 00 |
| Amount of dividends on stock | 276 00 |
| Rebate unearned premium | 31 24 |
| Cash paid to settle the balance | 493 96 |
| | $1,323 20 |

The chancellor referred the cause to a commissioner, to compute and state to the court the amount of interest actually collected from complainant, and the amount of interest at ten per cent. on the cash actually borrowed by complainant, to strike a bal-ance between the two, and to report the same. The commis-sioner made calculation of interest for six years six months and five days, and made his report as directed, and showed a balance of $96.97 in excess over ten per cent. actually paid. Defendant excepted to said report (1) because the report in nowise showed the state of accounts between the complainant and defendant; (2) because the report does not recognize the settlement had between the parties; (3) the report is only a state-ment of the interest account between the parties; (4) other

grounds to be shown, etc.    The exceptions were overruled, and a decree entered in favor of complainant for the balance shown by said report, and the building and loan association appealed.

The order of the lower court referring this cause to a commissioner, ignores the contract between the parties, and disregards the settlement had between them on December 13, 1892, when appellee withdrew from the association, and paid the balance then claimed against him.    The order of reference dealt only with the question of interest, and excluded every other element of the contract from the consideration of the commissioner in making the calculation directed by the court.    The contract may have seemed a hard one to Leonard when he decided to withdraw his membership, and to have the settlement which was made, but it was binding on him and the association in all particulars, except that the association could not enforce against him so much of the contract as required interest to be paid on the premium.    Whatever may have been paid by Leonard in the way of interest on the premium, should have been credited to him, in addition to his other legal credits, when the settlement was made.    *Sullivan* v. *Loan Association*, 70 Miss., 94; *Goodman* v. *Loan Association*, 71 Miss., 310; *Loan Association* v. *McElroy*, 72 Miss., 441.

According to the facts disclosed in the record, if Leonard, at the time he made the settlement now complained of, had been charged with the money borrowed and interest on it, with the fines which could properly have been assessed against him for failure to make monthly payments and with the premium at which he had bid in the money, and then been credited with all his payments, with the interest paid on the premium and interest on that, and with the fines charged against him and interest on them, it appears that he paid the association, when he settled with it, something less than he might legally have been charged with.    Moreover, Leonard was a borrowing member of the association, and withdrew from it, making a voluntary settlement in which he was allowed the unearned

part of the premium bid by him and $276 of dividends on his stock, which was his share of the profits, in which profits was included interest charged him and other members on premiums. After having received, in the voluntary settlement made by him, credit for such dividends, he cannot now recover, as illegal and usurious, interest charged him on his premium. *Loan Association* v. *Shields*, 71 Miss., 630. As a matter of fact, it appears that Leonard finally paid less than ten per cent. interest on the money actually borrowed; but be this as it may, he is bound by the voluntary settlement made by him, in which settlement it does not appear that there was any mistake of fact. The proof does not sustain the charges of fraud made in the bill of complaint.

*The decree of the lower court is reversed, and a decree entered here dismissing the suit at the cost of the appellee.*