## STAR, ETC., ASSOCIATION *v.* WOODS.

### (*Knoxville.* November 24, 1897.)

1. BUILDING AND LOAN ASSOCIATIONS. *Usurious loans.*

   Doctrine reaffirmed that loans made by a building and loan association to its members at a fixed premium in excess of the legal rate of interest, without free and competitive bidding, are usurious. (*Post, p. 123.*)

   Cases cited and approved: Post *v.* Association, 97 Tenn., 408; McCauley *v.* Association, 97 Tenn., 421.

2. SAME. *Usury not recoverable.*

   A building and loan association, that has acted in good faith and without suspicion of the illegality of its action, cannot be held, especially after its insolvency, for usury collected from its borrowing member, who, after having fully discharged his debt to the association and voluntarily withdrawn from membership therein, and received from the association the full withdrawal value of his shares, seeks to recover part of the usury collected from himself and others that went to make up the withdrawal value of his own shares. (*Post, pp. 124–126.*)

   Cases cited: Turney *v.* Bank, 5 Hum., 406; 71 Miss., 630; 63 Ga., 373; 19 W. Va., 792; 89 N. C., 37.

   Code construed, § 3504 (S.); § 2712 (M. & V.); § 1955 (T. & S.).

---

### FROM KNOX.

---

Appeal from the Chancery Court of Knox County.
H. B. LINDSAY, Ch.

Star, etc., Association *v.* Woods.

GREEN & SHIELDS for Association.

NOBLE SMITHSON for Woods.

BEARD, J. The complainant is a building and loan association regularly organized under the laws of this State. The defendant, Woods, was a shareholder in the association, and, as such, borrowed from it $2,500. Thereafter he paid to it in monthly installments the premium charged for the loan, as well as interest upon it at the rate of six per cent. per annum. These payments he continued to make for a number of years, when he returned to the association the exact sum which he had originally received, and took up the note executed by him at the time of the loan. While thus its debtor, he at the same time carried his stock in the company, paying monthly the dues which accrued upon it. This he did for about twelve months after he had discharged his debt, and then, as was his right under the law of the association, he turned over his shares of stock to it, and, upon a settlement, received from it the sum of $742, which was paid by it and received by him as their surrender value. The statement upon which this settlement was made was as follows:

| | | |
|---|---|---|
| Dues paid | $675 | 00 |
| Deduct therefrom one-sixth expense fund | 112 | 50 |
| Leaving balance of | $563 | 50 |
| Add eight per cent. of apportioned profits | 179 | 50 |
| Total amount paid Woods on withdrawal | $742 | 00 |

These profits of which, upon apportionment, this withdrawing member received so large a share, were from a fund which the association had accumulated from interest and premiums paid by its shareholders (among them the defendant) on loans which it had from time to time made to them.

So far as the record discloses, no complaint was made by the defendant, Woods, at the time, that he did not get full value for his stock, nor does he now insist that any advantage was taken of him in the settlement. On the contrary, if he is right in his present contention, then, as a matter of fact, upon the agreed statement on which this cause was tried, he received, as its result from the complainant company, at least $235.75 more than his stock was worth, and to this extent the association, rather than the defendant, was the victim of the settlement.

Some time thereafter, in *Post* v. *B. & L. A.*, 97 Tenn., 408, and in *McCauley* v. *B. & L. A.*, *Id.*, 421, it was held by this Court that loans made by a building and loan association at a fixed premium, in excess of the legal rate of interest, without free and competitive bidding, were usurious. As the loan to Woods was in this category, upon being advised of this holding, he instituted an action to recover the monthly premiums paid by him on his loan, upon the ground that they constituted usury. In the meantime, the association having become insolvent, its affairs passed into the hands of a receiver. Assuming its defense to be embarrassed at

law, this bill was filed. The matters at issue, upon an agreed statement of fact, were passed on by the Chancellor. His decree being unsatisfactory to both parties, the case was appealed. The Court of Chancery Appeals having heard the cause, sustained the contention of complainant that the settlement made by the association with Woods, upon the facts heretofore stated, was conclusive on him, and therefore dismissed his cross bill, by which he sought to recover the sum claimed by him to be usury.

We entirely agree with that Court in its disposition of this cause. It is true we have held on more than one occasion that there is a " distinction well settled between the borrower's relation to the association as a borrower and as a stockholder," yet while not " indissolubly connected," we have recognized that the " one is clearly dependent on the other." *Post* v. *B. & L. A.*, *supra.* It is also true that, under our statute, usury paid may be recovered by the borrower or his representative from the party receiving it (Shannon's Code, § 3504); and, further, that as a general rule, a settlement of the debt not only does not preclude an action for its recovery, but, on the contrary, is a condition precedent to its maintenance. *Turney* v. *State Bank*, 5 Hum., 406.

But we are not dealing now with the ordinary case of lender and borrower, where, though each is a participant in an agreement inhibited by the statute, yet out of tender consideration for the latter,

the law will not hold him as *in pari delicto* with the usurer. But, rather, there is presented in this record, that of a party, who, as borrower and shareholder, has dealings with a building and loan association, as do others of its members for a series of years, upon terms, so far as we can see, satisfactory to all, and without suspicion upon the part of any that these dealings in any respect were *ultra vires*, and who, having already discharged his debtor obligation, voluntarily withdraws from membership and receives from the association, in full settlement of all claims against it, a sum of money that includes his interest in the profits of a joint enterprise, which, for the purpose of maintaining his present claim, he now insists were largely earned from usurious dealings with himself and others. Though, by his settlement, he has finally merged whatever claims he had had as borrower in his relation as shareholder, and then has voluntarily severed that relation, yet he now comes and asks the Court to disregard this settlement, restore his claim as borrower and give him a decree for the full amount of usury he paid, notwithstanding he is already a large beneficiary of the fund into which it was carried by the association. Such a claim is not within the spirit of § 3504 of the (Shannon's) Code. It is altogether lacking in merit, and should be repelled *ex æquo et bono*. *Natchez* v. *B. & L. A.*, 71 Miss., 630; *Pattison* v. *Albany B. & L. A.*, 63 Ga., 373; *Heigh* v. *U. S. B.*

& *A.*, 19 W. Va., 792; *Dickinson* v. *Raleigh*, 89 N. C., 37.

The decree of the Court of Chancery Appeals is affirmed.

------

Justice Wilkes dissents from so much of this opinion as holds that the usury paid by Woods was not recoverable.