THE STATE OF MISSOURI, ex rel., Plaintiff, v. PHOE-
NIX LOAN ASSOCIATION, Respondent; JAMES
C. STOCKTON, Intervenor, Appellant.

**Kansas City Court of Appeals, November 5, 1900.**

1. **Building and Loan Association: USURY: BIDS.** Building and
loan associations may loan money on competitive bids at a public
meeting of the directors, and such premium so bid added to the in-
terest, exceeds the legal rate, will not constitute usury; but such
premium must be regularly bid in open meeting.

2. ———: **APPLICATION: CONSTRUCTION: AGENCY.** A bor-
rower may bid at a meeting of the directors by an agent or submit
his bid in writing without being present himself; and an application
for a loan set out in the opinion is construed and held insufficient as
a bid or as authority to an agent to bid.

3. ———: **USURY: COURTS: STATUTES.** It is the duty of courts
to protect contracts from usurious extortion however concealed,
since the statute contemplates a plain bid of a definite amount.

4. ———: ———: **SETTLEMENT: ESTOPPEL.** Where the borrower
settles the original loan tainted with usury and accepts the profits
resulting to members from like usurious contracts, he is estopped
from going back of that settlement and acceptance, to be relieved
from a contract the benefit of which he has voluntarily taken to him-
self.

Appeal from the Buchanan Circuit Court.—*Hon. A. M.
Woodson,* Judge.

AFFIRMED.

*Kendall B. Randolph* and *Robt. C. Schroeder* for appel-
lant.

(1)   The execution of the new note and mortgage in 1896 did not purge the transaction of usury.   Bank v. Miller, 73 Mo. 187; B. & L. Ass'n v. Lane, 81 Tex. 369; 27 Am. and Eng. Ency. of Law, pp. 964, 965, 966, 967, and cases cited.   (2)   The original loan was tainted with usury. R. S. 1899, secs. 3706 and 3709.   There was no competitive bidding as is required by statute.   R. S. 1889, sec. 2812; Moore v. B. & L. Ass'n, 74 Mo. App. 468; Brown v. Archer, 62 Mo. App. 277; Price v. Loan Ass'n, 75 Mo. App. 552; Sappington v. Loan Co., 76 Mo. App. 242.   (3) The finding of the court to the effect that the bid for premium by the secretary of the Phoenix Loan Association on behalf of appellant was in conformity to the law, has no justification either in law or fact.   The whole proceedings at the meeting of the board of directors, and the writings appellant was required to sign previous thereto show that the premium was fixed by contract and that-the bids by the secretary for appellant and twenty others was a mere subterfuge.   It complies with neither the spirit or letter of the statute.   R. S. 1889, sec. 2812; Moore v. B. & L. Ass'n, *supra;* Brown v. Archer, *supra;* Price v. Loan Ass'n, *supra;* Sappington v. Loan Co., *supra.*   (4)   The appellant can not be charged with having participated in the usury of the Phoenix Loan Association, without showing that he knew its system was usurious and that others were the victims thereof as well as himself.   Appellant can only be thus charged upon the principle that by receiving a part of the proceeds of usury he estopped himself; but, an estoppel can only proceed upon the theory that he knew the Phoenix Loan Association was practicing usury and knew that what was apportioned to him was gained from its usurious practices.   The cases relied on by respondent proceed upon the theory that there was a complete settlement between the parties, with full knowledge of the facts, and that such

settlement was intended to be final. Buquo v. Bank (Tenn.), 52 S. W. Rep. 778.

*O. M. Spencer, B. J. Woodson, Huston & Brewster* for respondent.

(1) But even if the court could under the petition in this case consider the question as to the legality of the bid for premium on the loan of 1892, it will be found to have been made in accordance with law; and therefore of course was not usurious. Bertche v. Inv. Co., 147 Mo. 343. (2) The authority to the secretary to bid for him made by Stockton was a sufficient authorization for the secretary to appear and bid for him. It was not necessary that he should appear and bid in person. Hughes v. L. & B. Ass'n, 46 S. W. Rep. 362; Miller v. B. & L. Ass'n, 83 Mo. App. 669; Engine & Thresher Co. v. Donovan, 49 S. W. Rep. 500; s. c., 147 Mo. 622. (3) But if the court could consider under the pleadings of this case, the question of usury at all, and if it could be held under the evidence that the premium was usurious, yet the appellants are in no position to complain for the reason that at the time of such settlement, Stockton received and knew before the settlement was made that he was to receive (because the letters from and to him disclosed the basis of the repayment arrangement), not only the par amount which he had paid in on stock, but also a dividend made up out of the profits of premiums on contracts such as this. The source of profit to all building and loan associations, are the premiums paid; so that he, at the time of that settlement in receiving the par value of payments on his stock and a dividend thereon, received and has retained a portion of the profits of the usury. There is no complaint made anywhere in the record that this dividend was not his real portion of the profits of

the concern according to his holdings.· Barrow v. B. & L. Ass'n (Tenn.), 48 S. W. Rep. 736; Milnor v. B. & L. Ass'n, (Tenn.), 48 S. W. Rep. 732; Thompson on B. & L. Ass'n (2 Ed.), 549, 550; B. & L. Ass'n v. Leonard, 74 Miss. 850; Ass'n v. Woods, 42 S. W. Rep. 872; B. & L. Ass'n v. Shields, 71 Miss. 850; Patterson v. Ass'n, 63 Ga. 373; Haight v. Ass'n,·19 W. Va. 792; Ass'n v. Reed (Ind.), 52 N. E. Rep. 20; Haze v. Home Ass'n, 26 So. Rep. 527; Cox v. Ass'n, 50 S. W. Rep. 662.

ELLISON, J.—The Phoenix Loan Association was declared to be insolvent and defendants appointed receivers. While the association was doing business, viz.: March 10, 1892, the intervenor, James C. Stockton, borrowed of it the sum of $3,000. Afterwards, on February 4, 1896, a settlement was had between the parties and a new note and deed of trust given to secure it. Stockton thereafter brought the present action in which he seeks to have the debt discharged upon the payment of $1,131.09, a sum much less than that claimed by the receivers. The trial court found for the receivers and Stockton appealed.

The whole contest here relates to the question of usury and by dealing directly with that question we save much detail of statement and avoid some of the confusion which has arisen as a result of difference between counsel as to what the record does or does not show. Stockton made written application for a loan of three thousand dollars which, with the premium bid for the loan for the 100 months it was to run made a demand of $5,100 for which he executed his note, secured by deed of trust, to be paid monthly in installments of $51 each. Said note reading as follows:

"$5,100.          St. Joseph, Mo., March 10, 1892.

"For value received, we promise to pay to the order of

the Phoenix Loan Association of St. Joseph, Missouri, at its office in St. Joseph, Mo., five thousand one hundred dollars and promise to pay same in installments of fifty-one and no-100 dollars each on the twentieth day of each and every month for the full period of one hundred consecutive months, beginning with the month of March, 1892.

"James C. Stockton,<br>"Mary A. Stockton."

By provision of the statute building and loan associations may loan money on competitive bid of premium at a public meeting of the directors. This premium, which is paid for privilege of securing the loan, is in addition to the interest charged. And it is no objection in the way of usury if this premium added to the interest charged exceeds the legal rate. But in order to enjoy this immunity from the penalty of the usury statute the premium must be regularly bid in open meeting as provided by the statute. Brown v. Archer, 62 Mo. App. 277; Moore v. Association, 74 Mo. App. 468; Price v. Association, 75 Mo. App. 551; Barnes v. Association, 83 Mo. App. 466.

In this case, Stockton, if he bid at all, did so through an agent appointed by the following written paper, designated as application for loan:

"APPLICATION FOR. A LOAN.

"To the Phoenix Loan Association, of St. Joseph, Mo.:

"Subject to the by-laws, rules and regulations of said association, I hereby apply to the Phoenix Loan Association of St. Joseph, Mo., for a loan of three thousand dollars ($3,000) for a term of one hundred months, to be secured by first mortgage or deed of trust, upon the following described real estate, situated in the City of Stanberry, County of Gentry, and State of Missouri. For which loan I hereby agree

to pay monthly, the sum of $1.70 on each one hundred dollars borrowed, for the full period of one hundred months, said payments to be made on or before the 20th day of each month, at such place as the association may direct. I hereby authorize the secretary, or in his absence, any temporary secretary of said association, at any meeting of the board of directors thereof, to make for me and in my name, such bid as will, under the by-laws,, rules and customs of said association in such cases, make the monthly payments, including the installments of premium so bid, the dues on any stock pledged or used in connection with such loan, and interest due monthly on such loan equal to the amount hereinbefore stated * * *."

We are of the opinion that it is competent for a prospective borrower to appoint an agent to bid for him. We have already held that the borrower need not himself be present at the meeting, but may submit his bid in writing. Barnes v. Association, *supra;* Miller v. Association, 83 Mo. App. 669. And we see no reason why he may not exercise the right through a duly authorized agent.

But we do not believe the paper above set out in which the agent is appointed makes or authorizes a bid of a premium. It is only by indirection that that paper authorizes a bid of a premium at all, and it makes no pretense of stating what amount shall be considered as such premium. The paper is rather an absolute engagement to pay $1.70 per month on each one hundred dollars to be borrowed amounting in the aggregate to $51 per month, or $5,100 for the one hundred months the note was to run. It is true, that the paper goes on to say that the bid will be such that the interest charges, dues on stock and premium shall not exceed $1.70. But it is going a great way to say that it amounts to a competitive bid at a future auction of loans. It leaves the premium an undetermined matter. It is the duty of courts

State ex rel. v. Stockton.

to protect contracts from usurious extortion, no matter in what guise it may be concealed. In the matter of competitive bids for the privilege of a loan from a building and loan association there is not the slightest excuse for indirection or indefinite action. The statute contemplates a plain bid of a definite amount. It is remarkable that so much uncertainty should exist and so many misunderstandings should arise in such contracts as are shown by litigation in recent years.

But another consideration, appearing in the finding of facts made by the court, must result in affirming the judgment notwithstanding the usury. It appears that Stockton, being a member of the association, settled the original loan in which the usury existed and accepted the profits resulting to members which arose from this and like usurious contracts. In such circumstances he is estopped from going back of that settlement and acceptance to ask that he be relieved of a contract the benefit of which he has voluntarily taken to himself. Star Association v. Woods, 100 Tenn. 121; B. & L. Ass'n v. Leonard, 74 Miss. 810; B. & L. Ass'n v. Shields, 71 Miss. 630; Patterson v. Association, 63 Ga. 373; Haight v. Association, 19 West Va. 792; Cox v. Association Ct., Chan. App. Tenn., April, 1898.

We therefore consider that the judgment should be affirmed. All concur.