ELLA M. SAVAGE et al.

v.

THE EVANSTON SAVINGS AND LOAN ASSOCIATION.

*Opinion filed June 19, 1907—Rehearing denied October 9, 1907.*

1. LOAN ASSOCIATIONS—*money must be let at competitive bidding to avoid taint of usury.* In order that a loan by a building and loan association at illegal rates shall not be subject to the defense of usury it is essential that the money be loaned at a competitive bidding such as the law requires, where there is no by-law of the association dispensing with competitive bidding and fixing a level premium for all loans.

2. SAME—*applicant for loan need not be present at meeting.* It is not essential to competitive bidding, within the meaning of the act relating to loan associations, that a bidder be personally present at the meeting, and it is sufficient if he submits a written application for the loan but bids no premium, where the business was transacted in open meeting, some bidders offering a premium and others none, but all applications were accepted and loans authorized.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DuPage county; the Hon. CHARLES A. BISHOP, Judge, presiding.

This is a bill to foreclose a mortgage, given to secure a $10,000 loan, to the Evanston Savings and Loan Association. It appears from the record that on the 10th day of January, 1896, Henry G. Savage borrowed $10,000 from the association, the same being evidenced by his bond of that date and secured by an assignment of one hundred shares of the stock of said association and by a mortgage on certain real estate in DuPage county. The bond stipulated, among other things, that Savage was to pay the sum of $50 per month, together with interest on the $10,000 at the rate of seven per cent per annum, payable in monthly installments of $58.33⅓ per month, said payments of principal and interest to continue until the said sum of $10,000

was fully paid or until each share of said stock attained the value of $100. A number of payments were made on said loan. Savage died, leaving his widow, Ella M. Savage, executrix of his last will and testament, and leaving also said widow and a son, Frank M. Savage, as his only heirs-at-law. Effie M. Parker and Henry M. Parker were made parties defendant, their interest being as purchasers of the mortgaged property subsequent to the death of Henry G. Savage.

Ella M. Savage and Frank M. Savage filed their answer, in which they allege that the loan evidenced by said bond was not made in accordance with the statutes of the State of Illinois in reference to building and loan associations, requiring money in the treasury to be offered as a loan to its stockholders and sold to the highest bidder; that at the time the loan was made there was no competitive bidding in said open meeting, but that said loan was made to Henry G. Savage under a written contract between the parties, without any competitive bidding whatever on his part; that the complainant corporation had no by-law which dispensed with the offering of its money for competitive bidding in accordance with the statutes of the State of Illinois in reference to homestead loan associations. The said answer further alleged that said bond was usurious, in that it provided for seven per cent interest on the principal of said bond, $10,000, at the rate of $58.33⅓ per month, until the said bond was fully paid by monthly payments of $50 each upon the principal; that when any monthly payment was made on the principal of said bond in accordance with the terms and conditions of said bond, interest on the entire sum of $10,000, at the rate of $58.33, became immediately more than seven per cent per annum interest on the money then owed by the said Henry G., Savage or his heirs as principal, and which was a greater rate of interest than is allowed by the statutes, the highest rate allowed being seven per cent per annum. The said answer further alleged that there had

been paid prior to the commencement of this suit, on said bond, the sum of $3969.92 on account of the principal; that there had been paid on account of interest $3900, making a total of $7869.92 which had been paid on account of said bond, and which entire sum should, in accordance with the statutes, be credited upon said bond, leaving a balance then due of $2530.08, which sum was tendered to the association before the bill was filed and the tender has been kept good.

The defendants Effie M. Parker and Henry M. Parker filed a general answer to the bill of complaint, in which they called for strict proof.

To these answers replications were filed. The case was referred to a special master, who reported that because of the usury there was due on said bond on April 26, 1902, but $2530.08; that on that date the defendants Ella M. and Frank M. Savage made a legal tender of that sum to the complainants, which tender was refused, and that said tender has been kept good by the defendants ever since; that the equities are with the defendants, etc. Complainants excepted to the report of said master, which exceptions were sustained by the court and a decree entered in favor of the complainants for $6923.50 and $50 for solicitor's fees. The cause was thereupon taken to the Appellate Court for the Second District on appeal by Ella M. Savage and Frank M. Savage and the decree was affirmed. Ella M. and Frank M. Savage bring the cause here by their further appeal.

WILLIAM A. BITHER, for appellants.

D'ANCONA & PFLAUM, and LUCIEN E. HARDING, for appellee.

Per CURIAM: It is contended that under the conditions of the bond the interest paid at the close of the first month would be at the rate of seven per cent per annum. But there

being then $50 paid on the principal, the payment of $58.33 at the close of the second month would be at a rate higher than seven per cent upon the principal remaining unpaid, and the rate would continually increase until the principal was finally paid in full. Viewed from this standpoint, we regard it as settled law that such a transaction is not protected from the taint of usury by the statute relating to building and loan associations unless the money is let at a competitive bidding such as the law requires or there is a by-law fixing a level premium. Section 8 of the act relating to building and loan associations provides, among other things: "The board of directors shall hold such stated meetings, not less frequently than once a month, as may be provided by the by-laws, at which the money in the treasury, if $100, or more, shall be offered for loan in open meeting; and the stockholders who shall bid the highest premium, for the preference or priority of loan, shall be entitled to receive a loan of $100 for each share of stock held by said stockholders; the said premium bid may be deducted from the loan in one amount, or may be paid in such proportionate amounts or installments, and at such times during the existence of the shares of stock borrowed upon, as may be designated by the by-laws of the respective associations: *Provided,* that any such association may, by its by-laws, dispense with the offering of its money for bids in open meeting, and in lieu thereof loan its money at a rate of interest and premium fixed by its by-laws." (Hurd's Stat. 1899, p. 453.)

Appellee had no by-law dispensing with open bidding and fixing a level rate of interest and premium. Was the condition with reference to open bidding complied with? Let us examine the records of the transaction as shown in the minutes of the association. The minutes show that a regular meeting of the board of directors was held, more than a quorum being present; that after other business had been transacted "money was offered for sale;" that Ethel C.

Meers bid a premium of ten per cent for a loan of $500 on certain stock and real estate security; that Thomas J. Currey bid a premium of twenty per cent for a loan of $1500 on certain stock and real estate security; that Thomas Craven applied for a loan of $2200, C. A. Wightman applied for a loan of $1500 and Henry G. Savage applied for a loan of $10,000, each of the three last offering shares of stock and real estate security but bidding no premium; that these five applications were referred to committees; that three other parties applied for loans on stock and their notes; that the committee reported favorably on the applications of Messrs. Wightman and Craven, and their loans were authorized subject to the approval of the attorney as to title; that the applications of Currey and Savage were approved subject to the unanimous approval of the committee on securities and the approval of the attorney as to title, and that the applications for loans on shares were approved and the loans authorized.

The cases of *Borrowers' Building Ass.* v. *Eklund*, 190 Ill. 257, and *Jamieson* v. *Jurgens*, 195 id. 86, are not in point in this case. In those cases the facts were materially different from the facts in this case. In those cases the borrowers did not bid nor was the business transacted at a regular meeting of the board of directors. In *Home Building and Loan Ass.* v. *McKay*, 217 Ill. 551, the borrower was personally present and bid, but there was no competing bid. In that case the court held that the statute had been sufficiently complied with. In the case now under consideration there were several bidders, but the association having plenty of money all were accommodated. Savage was not personally present but submitted a written bid. His application said, in part: "I hereby bid a premium of...... per cent for a loan of $10,000." This business was transacted at an open meeting. Savage took the chance of some other person offering more for the money and thus defeating his application in his absence.

Is a single bid submitted in writing, in the absence of the bidder, a compliance with the statute in question? In 6 Cyc. 149, it is said: "A letting of loans may be made as well by written as by oral bids." In support of this text numerous authorities are cited. Among them are *Farmers' Savings Ass. v. Kent,* 131 Ala. 246; *Ruppel v. Missouri Guarantee Ass.* 158 Mo. 613; *State v. Stockton,* 85 Mo. App. 477; *Miller v. Missouri Guarantee Savings Ass.* 83 id. 699; *Eddinger v. Same,* 83 id. 615. We do not think the law here under consideration was intended to mean that competitive bidders must be actually present in order to make a valid bid. The law has been complied with in this case.

We find no reversible error, and therefore the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

FARMER and VICKERS, JJ., took no part in the decision of this case.