SAMUEL C. PRICE, Respondent, v. EMPIRE LOAN ASSOCIATION OF ST. JOSEPH, MISSOURI, Appellant.

Kansas City Court of Appeals, May 16, 1898.

75　551
f83　469
83　625

75　551
85　396
85　899
85　481
86　106
f158s620

75　551
91　553

1. **Building and Loan Associations:** USURY: COMPETITIVE BID-DING. Where a stockholder in a building association pays a premium for his loan which is not fixed by open competitive bidding at a meet-ing of the directors held for that purpose but by an arbitrary rule, such premium is usurious and not protected by section 2814, Revised Statutes 1889.

75　551
92　489
75　551
98　s635
175s　1268

2. **Injunction.** USURY: TENDER OF LEGAL DEBT: ANSWER. Where in an injunction to restrain a sale of real estate mortgaged to secure a debt tainted with usury the defendant in his answer does not avail himself of the plaintiff's failure to tender the legal debt, he can not avail himself of such failure later.

3. **Building and Loan Associations:** APPLICATION OF DUES: PAY-MENT OF DEBT. In an account between a stockholder and a building association the stockholder is entitled to have his dues paid on his stock credited against his debt provided the association is not insolvent.

4. ———: USURIOUS CHARGES: CREDIT. Under the act of April 21, 1891, a stockholder has the right to have usurious charges credited on the demand the association has against him.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

HALL & WOODSON and MILTON MOORE for appellant.

(1) The burden of proving that the association violated the law of its existence, in making the loan to plaintiff, rested upon him. He was required to prove that there was no competition for preference, in this particular loan. Davis v. Bowling, 19 Mo. 651; Morawetz on Corp., sec. 479, and note; Sergeant v. Webster, 13 Met. 497; McDaniels v. Mfg. Co., 22 Vt. 274; 1 Wharton on Ev., sec. 257; Cutler v. Wright, 22 N. Y. 472. Proof that there was no competition in other loans was not sufficient. Endlich on Law of Building Ass'ns, sec. 397 (15a). The bid was in writing as authorized by law. Bids are not required to be verbal. The written bid was sent to the home office at St. Joseph, and the presumption is that the directors did their duty in accepting plaintiff's bid and in awarding the loan to him. Reynold's Theory of Law of Evidences, 106, 107; 1 Greenl. on Ev. [14 Ed.], sec. 20; 2 Whart. on Ev. [2 Ed.], secs. 1250, 1310, 1313; 19 Am. and Eng. Ency. of Law, 79; State ex rel. v. R. R., 101 Mo. 120; 27 Am. and Eng. Ency. of Law, 1046, 1047. (2) No injunction should have been issued in this case, because the amount legally due was not paid into court by the plaintiff. Ferguson v. Ioden, 111 Mo. 208; 10 Am. and Eng. Ency. of Law, 815; 27 Am. and Eng. Ency. of Law, 1037; Livingston v. Benton, 43 Mo. App. 272; Carver v. Brady, 10 S. E. Rep. 565; 2 Jones on Mortg. [3 Ed.], sec. 1808; 1 High on Inj. [2 Ed.], sec. 447. (3) The Act of April 21, 1891 (Session Acts, 170), does not make a deed of trust on real

estate, given to secure a loan tainted with usury, void or voidable; neither does it give the right to one who has paid usury to recover it back. There is nothing in this language authorizing an action by the party who has paid usurious interest to proceed in equity for affirmative relief. Bank v. Sherwood, 10 Wis. 230; Hadden v. Inness, 24 Ill. 381; Ransome v. Hays, 39 Mo. 445–451.

CUNNINGHAM & DOLAN for respondent.

(1) It is only when the proof of a negative allegation lies within the knowledge of the party alleging it, that it carries with it the burden of proof; when, however, the subject-matter and the negative affirmant lies peculiarly within the knowledge of the opposite party, it is taken as true, unless disproved by that party. State v. Schar, 50 Mo. 393; State v. Lipscomb, 52 Mo. 393; 1 Greenl. on Ev., sec. 79. (2) It is apparent that what is meant by "a competitive bid" is a bid made because of another bid, or an amount bid with reference to the amount of another bid. It is that the premium which the borrower has contracted to pay was the result of a fair competition among the bidders running it up, or else a mere nominal premium. Endlich on Bld'g Ass'ns, sec. 394. What the statute comtemplates is that an open meeting of the shareholders should be held, and that the money on hand should be offered and bid for by the members. R. S.. 1889, sec. 2812; Brown v. Archer, 62 Mo. App. 289; Endlich on Bld'g Ass'ns, secs. 378, 394. (4) Appellant claims under point two that because the amount legally due was not paid into court by plaintiff, the injunction should not have issued. High on Inj., sec. 1116. Defendant waived this objection in case at bar by answering to the merits. The Act of 1891, p. 170, entitles a defendant to set up the usury as a defense, and as a remedial

statute should receive a liberal construction.    Endlich Bld'g & Loan Ass'n, sec. 359.

GILL, J.—In February, 1893, the defendant, a building and loan association, organized under our statute, loaned to plaintiff the sum of $1,300 which was the face value of the association's stock at that time taken and held by the plaintiff.    The loan was secured by deed of trust on certain land and by pledge of the stock. By the terms of the obligation entered into at the time plaintiff agreed to pay monthly as follows: $6.50 dues on stock, $7.80 as interest and $5.20 as premium. These items were paid by plaintiff from time to time, monthly as required, until some time in the year 1897, when he defaulted, and defendant proceeded to foreclose the deed of trust by advertising the land for sale in accordance with the terms thereof.

STATEMENT.

Plaintiff thereupon brought this suit to enjoin the sale, alleging that the so-called premium exacted of, and theretofore paid by plaintiff, was usurious, and that the same should be credited on the loan. The court below tried the case, decided the issues in plaintiff's favor, and, having taken an account between the parties, found that plaintiff owed the defendant a balance of $844.50, and adjudged that plaintiff pay that amount with legal interest within thirty days, or in default thereof that defendant's lien on the land be foreclosed and the land sold for the satisfaction thereof. From this judgment defendant appealed.

The principal feature of this controversy is much the same as that involved in Moore v. Cameron Building and Loan Ass'n, decided by us a few weeks ago.    There, as here, the debtor of the association was complaining that under the claim of "premium," the loanor

BUILDING and loan associations: usury: competitive bidding.

had exacted and collected usury from the loanee. In that case we explained, that though the premium, or price of preference which the borrowing stockholder should pay was not ordinarily to be considered usury, yet if the amount of the "premium" was fixed, not by open competitive bidding at a meeting of directors held for that purpose, but by an arbitrary rule of the association or by agreement of the parties, then such premium would not come under the protection of section 2814 of the statute which provides, that "no premium * * * that may accrue to the said corporation *according to the provisions of this article* shall be deemed usurious." We held, that under section 2812, Revised Statutes 1889 (which is the provision directing how such loans shall be made), said premium could only be charged the borrowing share-holder when the loan was sold to the highest bidder at a sale conducted at an open stated meeting of the directors; and if said premium should be fixed by a rule of the association, or by any other manner than as the statute provides, then it was an illegal charge and usurious, and should be credited as a payment on the stockholder's loan.

The facts now under consideration are so similar to those in the Moore case, as to bring the present controversy under the operation of the same rules of law. The evidence fully sustains the finding of the trial judge, "that said Empire Loan Association did not make said loan according to the provisions and requirements of the law of this state governing loan and building associations," and that "there were no competition bids for preference." The testimony clearly shows that the so-called "premium of $5.20 required to be paid by plaintiff monthly, was fixed by the arbitrary demand of the corporation's agent making the loan, and was not the result of a competitive bidding by shareholders at any stated meeting of the directors,

as is required by section 2812 of the statute. This clearly appears from the record even if we exclude evidence objected to by defendant's counsel.

It is true that in the Moore case it appeared that the Cameron association had an illegal by-law fixing a minimum premium at which its money should be loaned to its stockholders, while here no such by-law is shown. But the absence here of such by-law can make no material difference, since the substance of the vice still exists—that is that the loan was not sold at an open meeting of the directors, but the "premium" or cost of preference was fixed by the arbitrary demand of the corporation.

It is objected, however, that plaintiff was not entitled to injunction in this case because he did not tender the amount legally due and did

INJUNCTION: usury: tender of legal debt: answer.

not keep said tender good by depositing the same in court. In its answer, defendant makes no such objection, and he can not now complain. In High on Injunctions, section 1116, it is said: "Proceedings at law for the enforcement of usurious contracts will, as a general rule, be enjoined only upon condition that the party aggrieved make actual payment or tender of the amount really due. But if defendant answers without availing himself of this objection, an injunction already granted will not be dissolved when complainant offers to pay the amount actually due."

It is suggested also that the court erred in allowing plaintiff as a credit the amount he had paid as dues

BUILDING and loan associations: application of dues: payment of debt.

on his stock. While it is true that payments on the stock are not, strictly speaking, payments on the loan, yet it seems to be the rule that when the borrowing shareholder comes to pay off the loan he is entitled to have the value of the stock credited on his obligation; and that value

is, in the absence of a contrary showing, a sum equal to the total payments on the stock. R. S. 1889, secs. 2813, 2810; Thompson on Bldg. Ass'ns, sec. 51; 2 Am. and Eng. Ency. Law, p. 639. A different rule applies, however, where the association is at the time insolvent or in course of liquidation; this for reasons set forth in Brown v. Archer, 62 Mo. App. loc. cit. 291, and cases there cited.

We are clearly of the opinion that plaintiff has the right, under the existing statute of this state (Acts 1891, p. 170) to have these usury charges ——: usurious charges: credit. credited on the demand defendant has against him. The judgment is for the right party and will be affirmed. All concur.