J. F. BARNES, et ux., Respondent, v. MISSOURI GUAR-
ANTEE SAVINGS & BUILDING ASSOCIATION,
Appellant.

Kansas City Court of Appeals, March 5, 1900.

1. **Building and Loan Association: PREMIUMS: USURY: COM-
PETITION.** Under the Missouri statute Building and Loan Associa-
tions may charge their members a premium in addition to interest
without being guilty of usury, provided the loan is made by open
competitive bids.

2. ———: ———: ———: ———. Fair and open competitive letting
of loans may be made as well by written as by oral bids.

3. ———: **COMPLIANCE WITH THE LAW: COMPETITION: US-
URY.** Any rule adopted by an association to evade the statute will
be uncovered by the courts and nothing short of free and open com-
petitive bidding  will free the transaction of usury.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*E. O. Brown* for appellant.

(1) Under the statutes of this state governing building
and loan associations which permit associations formed there-
under to sell their loans in open meeting of its board of
directors to the stockholder bidding the highest premium, the
written bid for preference of loan contained in the prospective
borrower's application, when submitted, as in this case, to the
association's board of directors in open meeting, amply meets
the requirements of the statute with respect to competitive
bidding.   Hughes v. Loan Ass'n (Tenn.) 46 S. W. Rep. 362;
Bertche v. Inv. Ass'n, 48 S. W. Rep. 954; Engine & Thresher

Co. v. Donovan (Mo.), 49 S. W. Rep. 500. (2) While a by-law of a building and loan association which fixes a minimum premium below which bids will not be considered may render a transaction usurious as to one who was forced to bid a larger premium than he otherwise would have been required to pay, yet, when one voluntarily bids a premium in excess of that required by the by-law he can not be heard to complain. Savings & Loans Co. v. Shain, 77 N. W. Rep. 1006; Thornton & Blackledge on Law of Bldg. & Loan Ass'ns, sec. 229; Albright v. Lafayette B. & L. Ass'n, 102 Pa. St. 411.

*Frank L. Forlow* for respondent.

(1) The two Missouri cases, Bertche v. Loan Co., 147 Mo. 343; Engine & Thresher Co. v. Donovan, 147 Mo. 622, are not in point. (2) The loan in this case was not made as the result of competitive bidding in open meeting of the board of directors and the premium charged was an arbitrary amount fixed by the local board of the company, and was therefore usurious and in redeeming respondent is entitled to credit for the premiums paid on account thereof. Moore v. Association, 74 Mo. App. 468; Price v. Association, 75 Mo. App. 551; Brown v. Archer, 62 Mo. App. 289.

ELLISON, J.—Plaintiff borrowed of defendant, a building and loan association, the sum of three hundred dollars for a period of one hundred months. He secured the loan by a deed of trust on real estate in Jasper county and by his certificate of stock in said association as collateral. After payments on stock, interest and premium through a series of years, and desiring to discharge the balance of his indebtedness, he found himself unable to agree with the company as to the amount due it and brought this action to redeem,

wherein the dispute between the parties is as to the amount he owes defendant. The dispute relates to the matter of premium payments, plaintiff claiming these amounts were usury and should be deducted and defendant claiming they were lawful premiums paid under the contract of loan. The trial court found for plaintiff.

1.   Under the statute of this state building and loan associations may charge a premium for loans to their members, in addition to a charge of interest; and notwithstanding such premiums, together with the interest, may exceed in amount the legal rate of interest, it is not usurious.   Brown v. Archer, 62 Mo. App. 277.   But in order to come under this protection of the statute the loan must be made as provided by the statute (R. S. 1889, sec. 2812); that is, by open competitive bids,   Ib.

2.   In this case a question arises whether the bid may be made in writing, and we hold that it may.   Hughes v. Farmers' Sav. & Loan Ass'n, Court Chancery App. of Tennessee, Dec. 20, 1897.   Fair and open competitive letting of loans may be made as well by written as by oral bids.   In Springfield Engine & Thresher Co. v. Donovan, 147 Mo. 622, the supreme court, in an opinion by Burgess, J., held a written bid at a sale under a deed of trust was not for that reason invalid.   That to hold it not to be a bid, within the meaning of the law, would be to give the word a meaning too restricted and extremely technical.

3.   In this case, as shown by the evidence in behalf of plaintiff, which the trial court has found to be true, defendant has undertaken the impossible task of so arranging or shaping the contract leading up to and including the loan, as to produce a loan with usurious interest, without complying with the statutory prerequisite of free, open and competitive bidding.   Any ruse which the wit of the loaning association may adopt to evade the statute should be uncovered in such

cases with the same certainty as are those of the ordinary usurious loans between individuals.

Here, the plaintiff borrowed three hundred dollars for a period of one hundred months. His payments were to be $1.50 per month on his stock; $1.50 per month for interest and $1.50 per month for premium or bonus for the privilege of getting the loan. This premium, which, together with the interest, making more than a lawful rate of interest (being paid to the loaner) would, in any ordinary case be termed a plain case of usury. But, as we have already said, in the case of building and loan associations the statute allows the extraordinary privilege of charging such premium or bonus, provided the charge is the result of competitive bids by the would-be borrowers. In this case, the court has found that there was no such sale of the privilege of borrowing. On the other hand, defendant, an organization with a residence or situs in Hannibal, Missouri, had at Webb City, where the plaintiff resides, a board known as a "local board" which received applications and made the preliminary arrangements for loans. This board informed plaintiff, without any bid and before any opportunity for bidding, that the loan would be made for a bonus of $1.50 per month—no more, no less—and it was so understood and agreed. We can not distinguish this case, in effect, from those of Moore v. B. & L. Ass'n, 74 Mo. App. 468, and Price v. Empire Loan Ass'n, 75 Mo. App. 551; and on the authority of those cases, together with Brown v. Archer, *supra*, the circuit court could do nothing less than it did on the facts found.

In this connection, we note defendant's contention that plaintiff's bid was sent in to the main office of the association and was there considered and submitted in competition with other bids, but the trial court's finding on the facts is based on ample evidence to sustain it and, as above stated, we accept the finding as true.

The judgment is affirmed. All concur.