ALFRED FOWLES, Respondent, v. AETNA LOAN COMPANY, Appellant.

| 86 | 103 |
| 92 | 489 |

Kansas City Court of Appeals, December 3, 1900.

1. Building and Loan Association: PREMIUM: COMPETITIVE BIDS: USURY. Where the premium paid a building and loan association is not the result of competitive bidding but is arbitrarily fixed by the borrower and the association, it is usurious, and on an accounting, will be credited on the principal of a loan.

2. ———: MATURITY OF LOAN: ACCOUNTING. The contract of borrowing from a loan association was "to pay ten years after date or sooner at our option." Held, the borrower did not have to wait the ten years but could exercise his option to pay at an earlier date and demand an accounting.

3. ———: EVIDENCE: DECLARATIONS OF AGENT. The declarations of a secretary of a building association, made in the course of business intrusted to him and in respect thereto, are competent evidence against the association.

Appeal from the Linn Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*James Hayward* and *Morton Jourdan* for appellant.

(1)  The loan to plaintiff was not usurious.  R. S. 1889, sec. 2812; Laws 1895, p. 108, secs. 7 and 9; Brown v. Archer, 62 Mo. App. 290; Hughes v. Ass'n (Tenn.), 46 S. W. Rep. 362; Engine and Thresher Co. v. Donovan, 147 Mo. 622.  (2)  The debt was not due, and plaintiff was therefore not entitled to an accounting.  Brown v. Archer, 62 Mo. App. 291; Fisher v. Patton, 134 Mo. 32.  He was not entitled to an accounting, for his stock had not matured. Bertche v. B. and L. Ass'n, 147 Mo. 343; Sweeney v. B. and L. Ass'n (Tex.), 26 S. W. Rep. 292; Abbott v. B. and L. Ass'n, 85 Tex. 220; Laws 1895, p. 105, sec. 15.  (3)  The testimony as to the declarations, statements and agreements of Johnson et al. was clearly illegal, incompetent and prejudicial, and this judgment should be reversed, because of this testimony.  Williams v. Edwards, 94 Mo. 451; Lumber Co. v. Kreeger, 52 Mo. App. 422, and cases cited; Tracy v. Iron Works, 104 Mo. 199, and cases cited.

*Johnson & Bresnehen* for respondent.

(1)  The loan to Fowles was made according to the statutes of Missouri governing loan and building associations;

the trial court so found, and the monthly payments, called premium, was therefore usurious. R. S. 1889, sec. 2812; R. S. 1899, sec. 1362; Brown v. Archer, 62 Mo. App. 277; Moore v. Building Ass'n, 74 Mo. App. 468; Price v. Loan Ass'n, 75 Mo. App. 551; Barnes v. G. S. & B. Ass'n, 83 Mo. App. 466; Miller v. Loan Ass'n, 83 Mo. App. 669. (2) The contract in this case was vitiated by usury, and the plaintiff was therefore entitled to an accounting and to have the value of his dues, paid on stock, credited on his loan. 4 Am. and Eng. Ency. of Law (2 Ed.), p. 1058, notes and authorities there cited; Price v. Loan Ass'n, 75 Mo. App. 551, and authorities there cited. (3) T. A. Johnson was shown to be the secretary and agent for defendant, selling stock and soliciting business for the defendant, and his statements and representations as to the Fowles loan was competent as tending to show defendant's method of business, and whether or not competitive bidding was had in making the loan. Moore v. Loan Ass'n., 74 Mo. App. 474; Barnes v. Loan Ass'n, 83 Mo. App. 466, and authorities *supra*; Miller v. Loan Ass'n, *supra*.

GILL, J.—Plaintiff was a stockholder in the defendant, a corporation organized under the statute relating to building and loan associations. In October, 1892, plaintiff borrowed of the defendant $400, and by the terms of the contract plaintiff agreed to pay monthly $2 on his stock, $2 interest and $2 premium or bonus. As a security for the money so loaned, interest, stock dues and premium, the plaintiff made a deed of trust on certain real estate and in addition transferred his stock to the defendant as collateral security. Plaintiff paid these several monthly installments of interest, premium and stock dues, until April, 1899, when he declined to pay any further and sought to redeem his land from these

charges by offering to pay what, in his opinion, he justly owed after the proper credits were given. Among these, plaintiff claimed that the so-called monthly premiums, which he had paid, aggregating $156, should be credited on the principal of the loan—this on the theory that said premium was in fact usurious interest. Defendant declined to accept this offer—insisting that said monthly premium paid by plaintiff was the lawful bonus or charge which plaintiff agreed to pay to secure the loan. Thereupon plaintiff brought this suit and prayed the court for an accounting and that he be allowed to redeem.

On the issues the court found for the plaintiff—that said monthly premium aggregating $156 was an illegal charge and usury and credited the principal note therewith, leaving a balance due the defendant of $69.21, on the payment of which it was decreed that the notes, deeds of trust, etc., be cancelled. Defendant appealed.

I. We discover no reason for disturbing this judgment. As has been repeatedly decided, these buildings and loan associations may collect from the borrowing stockholder in addition to interest, a monthly premium or bonus, *provided*, however, that such premium shall be fixed by a competitive bidding at a directors' meeting held for that purpose. If not so fixed, then it is regarded as interest merely on the loan, and if together with the interest proper, the rate shall then exceed the limit allowed by law, then such premium should be treated as usury and the amount so paid go as a credit on the principal note. Brown v. Archer, 62 Mo. App. 277; Moore v. Building and Loan Ass'n, 74 Mo. App. 468; Price v. Empire Loan Ass'n, 75 Mo. App. 551; Barnes v. Mo. Guar. S. & B. Ass'n, 83 Mo. App. 466, and Clark v. Mo. Guard. S. & B. Ass'n, not yet reported.

In this case the trial court found that the so-called pre-

mium paid by this plaintiff was not the result of the competitive bidding provided by the statute, and an examination of the evidence set out in the record fully sustains that finding. Even if we concede that in the written application for the loan plaintiff authorized the secretary of the company to bid for the same at a stated premium, it yet appears that no bid was ever made at a directors' meeting, but that the rate of premium was arbitrarily fixed by the borrower and the officer representing the association. This under the authorities just cited was a clear evasion of the law and the trial judge rightly credited the alleged premium on the principal of the loan.

In answer to the suggestion in defendant's brief that the plaintiff was not entitled to an accounting because "the debt was not due," it is sufficient to say, that the debt was due; the contract was to pay "ten years after date, *or sooner* at our option;" and plaintiff exercised this option to pay at an earlier date.

The declarations of Johnson, secretary and agent of the defendant, were competent evidence. These statements were made in the course of the business intrusted to his management and were made in respect to matters within the scope of his authority.

Other minor objections have been examined and all found without merit. The judgment is manifestly for the right party and will be affirmed. All concur.